```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MARYLAND

PEGGY STRONG                    *
                                *
        Plaintiff               *
   v.                           *    Civil No. WMN-12-cv-1924
                                *
BEVERLEY K. SWAIM-STANLEY,      *
SECRETARY, MD DEPARTMENT        *
OF TRANSPORTATION               *
                                *
        Defendant               *
                                *
*   *   *   *   *   *   *   *   *   *   *   *   *
```

## MEMORANDUM

Pending before the Court is Defendant's Motion to Dismiss. ECF No. 3. Plaintiff did not oppose the Motion. Upon consideration of the pleadings, facts, and applicable law, the Court determines that (1) no hearing is necessary, Local Rule 105.6, and (2) Defendant's Motion to Dismiss will be granted.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff is an employee of the Maryland State Highway Administration (SHA), which is a state agency under the Maryland Department of Transportation (MDOT).  Defendant[1] is the Secretary

---

[1] The Court notes that there appears to be some discrepancy in the parties' identification of the Defendant in this case. The caption on Plaintiff's Complaint identifies only "Beverly K. Swaim-Staley Secretary Department of Transportation" as "Defendants." ECF No. 1 at 1. Later, in Plaintiff's identification of the parties, Plaintiff identifies "State Highway Administration" as the defendant and makes no mention of Secretary Swaim-Staley. Id. at 1-2. Defendant's Motion to Dismiss, meanwhile, is brought only by "Defendant, Beverly K.

of MDOT.  In a three count complaint filed on June 27, 2012, Plaintiff alleges unlawful discrimination in violation of the Americans with Disabilities Act (ADA), retaliation in violation of Title VII of the Civil Rights Act of 1964 (Title VII), and unlawful discrimination in violation of Maryland state law.  Id. at 6-8.  Specifically, Plaintiff alleges that she suffers from "post-traumatic thoracic outlet syndrome, a neck and left shoulder disability and cubital tunnel syndrome to the left arm," ECF No. 1 at 2, and that Defendant has failed to grant her accommodations that comply with her doctor's recommendation that she do no more than 3.5 hours of data entry each day.  In addition, Plaintiff alleges that she was retaliated against by her supervisors for reporting various acts of misfeasance by other SHA employees.  Plaintiff seeks only money damages for Defendant's alleged wrongdoings.

---

Swaim-Staley, Secretary, Maryland Department of Transportation [], in her official capacity."  ECF No. 3 at 1.  However the Complaint is construed, it makes no difference in the Court's analysis of Defendant's Eleventh Amendment immunity.  Eleventh Amendment immunity applies to both Secretary Swaim-Staley in her official capacity as well as to the SHA.  Harter v. Vernon, 101 F.3d 334, 337 (4th Cir. 1996) ("[Eleventh Amendment immunity applies to state agencies that may be properly characterized as 'arm[s] of the State,' Mt. Healthy City Board of Ed. v. Doyle, 429 U.S. 274, 280, 97 S.Ct. 568, 572-73, 50 L.Ed.2d 471 (1977), as well as to state employees acting in their official capacity. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989)).

On July 23, 2012, Defendant filed the present motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  ECF No. 3.

**II.  LEGAL STANDARDS**

    **A. RULE 12(b)(1)**

In deciding a motion based on Rule 12(b)(1), a court applies "the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists."  Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).  Thus, "[t]he moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law."  Id.

    **B. RULE 12(b)(6)**

The standard for considering motions to dismiss under Rule 12(b)(6) is a familiar one.  Specifically, the Court must accept as true all well-pled allegations of the complaint and construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff.  See Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997).  To survive dismissal, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell

3

Atlantic Corp. v. Twombly, 550 U.S. 544, 570, (2007)).  A court need not accept a plaintiff's legal conclusions as true, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). Therefore, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.

### III. DISCUSSION

Defendant advances both Rule 12(b)(1) and Rule 12(b)(6) as bases for dismissing Plaintiff's claims.  Defendant specifically argues that Count I and Count III should be dismissed because Defendant is entitled to immunity under the Eleventh Amendment.

The Fourth Circuit has not resolved the issue of whether Rule 12(b)(1) or Rule (12)(b)(6) applies to a motion to dismiss based on Eleventh Amendment immunity.  See Andrews v. Daw, 201 F.3d 521, 525 n. 2 (4th Cir. 2000) ("Our cases have been unclear on whether a dismissal on Eleventh Amendment immunity grounds is a dismissal for failure to state a claim under Rule 12(b)(6) or a dismissal for lack of subject matter jurisdiction under Rule 12(b)(1).")).  Attempting to resolve some of the confusion surrounding this issue, Judge Titus has explained that:

4

> [T]he Eleventh Amendment limits the ability of a federal district court to exercise its subject-matter jurisdiction over an action brought against a state or one of its entities. <u>Roach v. West Virginia Reg'l Jail & Corr. Auth.</u>, 74 F.3d 46, 48 (4th Cir. 1996). As such, although Eleventh Amendment immunity is not a 'true limit' on this Court's subject matter jurisdiction, *id.*, the Court concludes that it is more appropriate to consider this argument under Fed. R. Civ. P. 12(b)(1) because it ultimately challenges this Court's ability to exercise its Article III power. <u>Verizon Maryland Inc. v. RCN Telecom Servs., Inc.</u>, 232 F.Supp.2d 539, 546 (D. Md. 2002); <u>see</u> <u>also</u>, e.g., <u>Coastal Holding & Leasing, Inc. v. Maryland Envtl. Serv.</u>, 420 F.Supp.2d 441, 443–44 (D. Md. 2006).

<u>Beckham v. National R.R. Passenger Corp.</u>, 569 F.Supp.2d 542, 547 (D. Md. 2008). The undersigned agrees with Judge Titus' analysis and will resolve Defendant's claims of Eleventh Amendment immunity under Rule 12(b)(1).

### A. COUNT I

In Count I Plaintiff alleges that Defendant violated the ADA. ECF No. 6. Although Plaintiff failed to specify the provisions of the ADA that she is invoking, the Court construes Plaintiff's claim as falling under Title I of that Act, 42 U.S.C. §§ 12111 - 12117. The Supreme Court has been clear that claims brought against the state for money damages under Title I of the ADA are barred by the Eleventh Amendment. <u>Board of Trustees v. Garrett</u>, 531 U.S. 356 (2001). Having filed no opposition to Defendant's motion, Plaintiff has failed to meet her burden of showing that the jurisdictional facts are in dispute. Secretary Swaim-Staley is obviously a state employee

5

and nothing provided by Plaintiff indicates that she was acting outside of her official capacity.  Similarly, MDOT is clearly a state agency.  Therefore, the Court will dismiss Count I pursuant to Rule 12(b)(1).

   **B. COUNT III**

In Count III Plaintiff alleges that Defendant violated Title VII of the Civil Rights Act of 1964 by retaliating against her for reporting wrongdoing by other SHA employees and for seeking accommodation for her disability.  ECF No. 3 at 7.  In her Motion to Dismiss, Defendant seems to suggest that Plaintiff may have actually intended to bring her retaliation claim under Title V of the ADA, 42 U.S.C. § 12203.  Id. at 2.  In that case, Defendant argues, the claim is also barred by the Eleventh Amendment.  Id.  The Court concludes that Count III should be dismissed regardless of whether it is brought under the Title V of the ADA or Title VII of the Civil Rights Act.

To the extent that Plaintiff did intend to bring Count III under Title VII of the Civil Rights Act of 1964, she fails to state a claim upon which relief can be granted.[2]  Fed. R. Civ. P.

---

[2] The Court notes that Defendant did not specifically argue that Plaintiff's Count III should be dismissed pursuant to Rule 12(b)(6).  See ECF No. 3 at 2.  However, "[a] district court may sua sponte enter dismissal pursuant to Rule 12(b)(6) where a plaintiff cannot possibly be awarded relief." Carson v. NCOP Acad. for Paralegals, CIV. WN-94-2263, 1995 WL 819050 (D. Md. Feb. 21, 1995) aff'd sub nom. Carson v. Nat'l Certifying Org. for Paralegals, 76 F.3d 371 (4th Cir. 1996) (citing Baker v.

12(b)(6).  42 U.S.C. § 2000e-2(a) makes it unlawful for an employer to discriminate against any employee on the basis of "race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-3(a) makes it unlawful to discriminate against any employee on account of the employee having "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this subchapter." Plaintiff alleges that she "participated in protected activity by reporting wrongdoing by her supervisors and co-workers and in seeking an accommodation for her disability."  ECF No. 1 at 7. By the text of Title VII alone, Plaintiff's claim fails. Neither persons with disabilities, nor individuals who report the misfeasance of their co-workers are protected by Title VII from discrimination or retaliation.  Thus, to the extent that Plaintiff's Count III is based on Title VII, it will be dismissed pursuant to Rule 12(b)(6).

Alternatively, if Defendant is correct in believing that Plaintiff intended to bring Count III under Title V of the ADA, Defendant is also correct in her assertion that the Eleventh Amendment provides her with immunity.  See Demshki v. Monteith, 255 F.3d 986, 988-89 (9th Cir. 2001).  Therefore, to the extent

---

Director, United State Parole Comm'n, 916 F.2d 725, 727 (D.C. Cir. 1990)).

that Count III is brought under Title V of the ADA, it will be dismissed pursuant to Rule 12(b)(1).

### C. COUNT II

The discussion of Count III above presents two alternatives for dismissing Plaintiff's remaining claim, Count II, which is brought under Maryland state law.  Dismissing Count III pursuant to Rule 12(b)(6) implies that this Court does have jurisdiction over that claim, and could exercise supplemental jurisdiction over Count II pursuant to 28 U.S.C. § 1367.  If that is the case, the Court will decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3).

Alternatively, if Count III is dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, this Court has no remaining basis for jurisdiction over Count II and it will be dismissed pursuant to Rule 12(b)(1).  See United Mine Workers v. Gibbs, 383 U.S. 715, 725-27 (1966); Hicks v. Southern Maryland Health Systems Agency, 737 F.2d 399, 405 (4th Cir. 1984).

### IV. CONCLUSION

For the reasons stated above, the Defendant's Motion to Dismiss will be GRANTED.  A separate order consistent with this memorandum will be issued.

_____/s/_____

```
                                   William M. Nickerson
                                   Senior United States District Judge
```

September 13, 2012